**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CHARLES HARR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Case No. _____ |
| | ) |
| **NORFOLK SOUTHERN** | ) **JURY DEMAND ENDORSED HEREON** |
| **RAILWAY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW Plaintiff, Charles Harr, and files this Complaint against Defendant Norfolk Southern Railway Company ("Norfolk Southern") stating as follows:

**PARTIES – JURISDICTION – VENUE**

1. At all times relevant to this Complaint, Plaintiff Charles Harr (hereinafter "Plaintiff" or "Harr") was and is a natural person and citizen and resident of Portsmouth, Ohio.

2. Defendant Norfolk Southern is a Virginia Corporation operating an interstate railroad, a common carrier, and Plaintiff's employer. Defendant regularly does business in Ohio and in Scioto County, with its designated Registered Agent for service being Corporation Service Company 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.

3. Jurisdiction of the parties and Plaintiff's claims is proper with this Court since Plaintiff's claims are based upon a federal question, specifically, Plaintiff's claims arise from 45 U.S.C. § 51, et seq.

4. This Court has venue over the parties to this civil action as the acts, conduct, and injuries giving rise to this Complaint occurred in this Wheelersburg, Ohio at Defendant's railroad terminal and Defendant does business in and/or resides in this location.

## NATURE OF THE CASE

5. Plaintiff's cause of action against Defendant Norfolk Southern is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. (hereinafter referred to as the FELA).

6. At all times material to this Complaint, Plaintiff and Defendant Norfolk Southern were mutually engaged in acts and services substantially affecting interstate commerce.

7. At all times material to this Complaint, Plaintiff was an employee of Norfolk Southern acting within the line and scope of his employment.

## FACTUAL ALLEGATIONS

8. On or about January 21, 2021, Plaintiff reported to work for his employer, Defendant Norfolk Southern, at approximately 4 p.m., at the Norfolk Southern Wheelersburg Terminal.

9. On or about January 21, 2021, Plaintiff was assigned to work as a conductor as a part of a two-person train crew, including engineer Jeffrey Thomas, "catching empties" as they are "kicked out" after unloading in a building containing the rotary dump.

10. As the train crew performed their duties in an area approximately forty to fifty feet from the area of the rotary dump building, Harr entered the rotary dump building to utilize the restroom that was available to employees.

11. Harr walked into the building and towards the restroom when he fell and suffered injuries due to an unmarked and unsafe drop-off in the concrete walkway ("the walkway") (Fall #1).

12. In addition, for unknown reasons, new lighting had been installed in the building that obscured Harr's ability to safely see and use the walkway.

13. After his injury, Harr called Norfolk Southern employee Sam Peterman, who was working in the rotary dump building, to help him to the restroom.

14. After being helped to the restroom and once in the restroom, Harr attempted to brace

himself by leaning on and holding onto the sink when, without warning, the entire sink detached from the wall causing a second fall and Harr to suffer further injuries (Fall #2).

15. As a result of the unsafe workplace provided to Harr by his employer, Norfolk Southern, which caused Fall #1 and Fall #2, Plaintiff sustained serious injuries to his knee and back, resulting in surgeries that ended his railroad career.

## COUNT I - NORFOLK SOUTHERN - FELA NEGLIGENCE

16. Plaintiff incorporates by reference and makes a part hereof paragraphs one (1) through fifteen (15) of this Complaint as if completely rewritten herein.

17. Defendant Norfolk Southern is required under the FELA and owes a duty to Plaintiff to provide Plaintiff with a reasonably safe place to work.

18. Under the FELA, Defendant Norfolk Southern had a duty to inspect and maintain its walkway and restroom facilities involved in a manner consistent with safe working practices and conditions on or about January 21, 2021.

19. This duty described above owed by Defendant Norfolk Southern to Plaintiff is nondelegable as a matter of law and therefore applied to the duties and activities being performed by Plaintiff at the Wheelersburg Terminal at the time of his injuries.

20. Defendant breached its duty owed to Plaintiff under the FELA by its failure to maintain a safe place to work for Plaintiff by:

(a) improperly maintaining the walkway,

(b) allowing coal dust to remain on the walkway and present a hazard,

(c) failing to properly warn of the drop off in the concrete of the walkway,

(d) improperly lighting the area of the drop off in the walkway,

(e) failing to properly mark the drop off in the walkway,

(f)  failing to properly maintain the sink in its restroom for employees,

(g) failing to properly secure the sink in its restroom for employees, and

(h)  failing to provide a reasonably safe place for Plaintiff to work.

21. Specifically, Defendant Norfolk Southern had actual and/or constructive knowledge of the hazardous and unsafe condition(s)  and the failure  to maintain and inspect the walkway and restroom  at Wheelersburg Terminal  where Plaintiff was required to work on or about January 21, 2021, yet failed to take any corrective actions and/or measures to address or remedy the hazardous and unsafe working and walking conditions and failed to warn Plaintiff regarding the hazardous and unsafe conditions.

22. Defendant Norfolk Southern is liable to Plaintiff because these acts and failure(s) to act constitute negligence and a failure to provide Plaintiff with a reasonably safe place to work in direct violation of the FELA and resulted in Plaintiff's injuries.

### COUNT II- NORFOLK SOUTHERN NEGLIGENCE PER SE

23. Plaintiff incorporates by reference and makes a part hereof paragraphs one (1) through twenty-two (22) of this Complaint as if completely rewritten herein.

24. Defendant Norfolk Southern must and has a duty with regard to its workplace walkways and steps, including within the Wheelersburg Terminal, to maintain those premises involved in a reasonable condition so as to prevent injury and harm to Plaintiff.

25. Defendant Norfolk Southern has a duty to comply with all applicable regulations with regard to its workplace walkways and steps and the lighting of same that will be utilized by its employees including Plaintiff.

4

26. Defendant Norfolk Southern violated applicable regulations with regard to the working and walking conditions involved, specifically, but not limited to, OSHA standards 1910.22(a)(1)(2) and (3), 1910.22(d)(1) and (2) and other applicable state and federal regulations.

27. Defendant Norfolk Southern is negligent per se due to violating one or more applicable regulations and codes and therefore is liable to Plaintiff because these acts and failure to act and warn constitute negligence as a matter of law and resulted in Plaintiff's injuries.

## CAUSATION

28. Plaintiff incorporates by reference and makes a part hereof paragraphs one (1) through twenty-seven (27) of this Complaint as if completely rewritten herein.

29. As a direct and immediate result of the negligence and resulting violation of the FELA by Defendant Norfolk Southern, Plaintiff has suffered injuries and damages for which he seeks compensation.

30. Pursuant to the FELA, Defendant Norfolk Southern is liable to Plaintiff for any and all injuries and damages which are caused in any manner, no matter how slight, by its negligence.

## DAMAGES

31. Plaintiff incorporates by reference and makes a part hereof paragraphs one (1) through thirty (30) of this Complaint as if completely rewritten herein.

32. As a direct and proximate result of the negligence of Norfolk Southern, Plaintiff has suffered injuries and damages, including, but not limited to, the following:

    a. Physical impairment which is permanent;

    b. Lost earning capacity and wages, past and future;

    c. Pain, suffering, mental anguish, both past and in the future.

WHEREFORE, the Plaintiff prays that he have judgment against Defendant Norfolk Southern in an amount to be shown by the evidence at trial, plus interest, costs and other remedies as the Court may deem just and proper.

Respectfully submitted,

**DITTMER, WAGONER & STEELE, LLC**

/s/ *Robert J. Wagoner*
Robert J. Wagoner (0068991)
107 W. Johnstown Road
Gahanna, Ohio 43230
Tel:   (614) 471-8181
Fax:   (614) 540-7473
Email: bob@dwslaw.com

and

**JOHN STEEL LAW**
John D. Steel, *Pro Hac Vice to Be Filed*
3495 Piedmont Road
Building 11, Suite 905
Atlanta, Georgia 30305
Tel: (404) 264-1292
Fax: (404) 264-0161
E-mail: jsteel@johnsteel-law.com

Attorneys for Plaintiff

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands trial of the within cause to a jury.

/s/ *Robert J. Wagoner*
Robert J. Wagoner (0068991)
Attorney for Plaintiff